IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

(1). Mr. John L. Williams #201233073
(full name) (Register No).

_____
_____
Plaintiff(s).

Case No. 13-0866-CV-W-ODS-P

v.

Jackson County, Jackie Robinson, Ken
(Full name)
Conlee, Captain Paul Smith, Gary Markow,
Mr. Bowden, Lt. Baldhee, John Doe #(1)
Superceding/ Defendant(s).
Amended
Complaint

Defendants are sued in their (check one):
___ Individual Capacity
___ Official Capacity
✓ Both

**COMPLAINT UNDER THE CIVIL RIGHTS ACT OF 42 U.S.C. § 1983**

I. Place of present confinement of plaintiff(s): Jackson County Detention Center.

II. Parties to this civil action:
Please give your commitment name and any another name(s) you have used while incarcerated.

A. Plaintiff John L. Williams   Register No. 201233073
   Address Jackson County Detention Center
   1300 Cherry St. Kansas City mo. 64106

B. Defendant _____
   SEE ATTACHMENT
   Is employed as _____

For additional plaintiffs or defendants, provide above information in same format on a separate page.

1

Case 4:13-cv-00866-BCW  Document 11  Filed 10/23/13  Page 1 of 7

# Attachment for Page (#1)

## II Parties To This Civil Action

(B.) Defendants        Employed As:

1.) Jackie Robinson — Manager Of Detention.
2.) Ken Conlee — Director.
3.) Gary Morrow — Mail-Room Supervisor.
4.) Lt. Baldhee — Lieutenant.
5.) Ms. Bowden — Mail-Room employee.
6.) Captain Paul Smith — Shift Administrator.
7.) John Doe (#1) — Assistant County Counselor.
8.) Jackson County MO.

III. Do your claims involve medical treatment? Yes ___ No ✓

IV. Do you request a jury trial? Yes ✓ No ___

V. Do you request money damages? Yes ✓ No ___

State the amount claimed? $40,000/40,000 (actual/punitive)

VI. Are the wrongs alleged in your complaint continuing to occur? Yes ✓ No ___

VII. Grievance procedures:

A. Does your institution have an administrative or grievance procedure? Yes ✓ No ___

B. Have the claims in this case been presented through an administrative or grievance procedure within the institution? Yes ✓ No ___

C. If a grievance was filed, state the date your claims were presented, how they were presented, and the result of that procedure. (Attach a copy of the final result.)
See exhibits-(3),(3A),(3B),(3C), And exhibit (4). Attached.

D. If you have not filed a grievance, state the reasons.
N/A

VIII. Previous civil actions:

A. Have you begun other cases in state or federal courts dealing with the same facts involved in this case? Yes ___ No ✓

B. Have you begun other cases in state or federal courts relating to the conditions of or treatment while incarcerated? Yes ✓ No ___

C. If your answer is "Yes," to either of the above questions, provide the following information for each case.

(1) Style: Williams V. Lovett
    (Plaintiff)       (Defendant)
(2) Date filed: Febuary 18, 2011

2

(3) Court where filed: Southern District of Indiana (Terre Haute)

(4) Case Number and citation: 2:11-CV-00043-Jms-MJD

(5) Basic claim made: ~~Damages~~ (Bivens) Violation Right to Privacy (endangered Inmates)

(6) Date of disposition: March 2013

(7) Disposition: Resolved

(8) If resolved, state whether for: (Pending) (on appeal) (resolved) Defendant
(Plaintiff or Defendant)

For additional cases, provide the above information in the same format on a separate page.

IX. Statement of claim:

A. State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

See Attachments

B. State briefly your legal theory or cite appropriate authority:

See Attachments

3

**(ATTACHED PAGE 3)**

IX. Statement of claim:

(PART) — A. All defendants in this case play a direct of indirect role in the Jackson County Detention Center, "post card only policy". This policy denies the plaintiffs and all similarly situated pretrial detainees of their First (1st) and Fourteenth (14th) Amendment U.S. Constitutional rights to Freedom of Speech, Access to Court and Due Process of Law and Equal Protection of Law.

This policy all but cuts the detainee off from family contact through the U.S. Mail Service, as far as the ability to review household responsibilities; (utility bills, children's school report cards, letters and drawings, newspaper and magazine clippings and articles, as well as religious materials). Detainees are severely limited to the information they can put on the open face of a "post card". Due to the threat of "Identity Theft", information such as; bank account, credit card / debit card, social security, pin, cell and home telephone numbers, addresses and birth dates may not be exchanged. Also, being in their current situation, (facing criminal charges), plaintiffs are hindered in the investigation of their cases, through the U.S. Mail in violation of "TITLE 5 USC/ 552b", thus the Prosecuting Attorney has a "unconstitutional tactical advantage" over all pre-trial detainees due to the lack of privacy in the mail and on the jail telephone monitoring system which records all outgoing phone calls.

It is virtually impossible for any detainee who represents himself (pro se), in state or federal, civil or criminal cases to contact witnesses or prepare any kind of defensive strategy.

(PART) — B. All detainees have a First (1st) and Fourteenth (14th) Amendment right to send and receive mail, <u>Witherow v. Paff</u>, 52 F.3d 264, 265, (9th Cir. 1995). Prison walls, (not to mention a county jail for people innocent) do not form a barrier separating detainees from the protections of the constitution, <u>Turner v. Safley</u>, 482 U.S. 78, 84, 107 S.Ct. 2254, 96 L.Ed. 2D 64 (1987), nor do they bar free citizens from exercising their own constitutional rights by reaching out to those on the inside; <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 407, 109 S.Ct. 1874, 104 L.Ed. 2D 459 (1989).

Plaintiffs (1) and (3) are alleging that this post card limitation is affecting their constitutional right to represent themselves in their criminal and civil pending cases and appeals by limiting if not altogether denying them the ability to contact witnesses and other entities that may assist them in their cases.

X. Relief: State briefly exactly what you want the court to do for you. Make no legal arguments.
Plaintiffs would like The defendants to pay damages And Also Adopt A policy That do not deny Inmates Access To the Courts In Any Way.

XI. Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name. _____

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?     Yes____  No __✓__

If your answer is "Yes," state the names(s) and address(es) of each lawyer contacted.
_____
_____
_____

C. Have you previously had a lawyer representing you in a civil action in this court?
Yes _____  No __✓__

If your answer is "Yes," state the name and address of the lawyer.
_____
_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed (signed) this ___21st___ day of __OCTOBER__ 20_13_

_____John L. Williams_____
Signature(s) of Plaintiff(s)

_____
_____

4